UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 3:07-CR-89 |
| V. | ) ) | (Phillips / Guyton) |
| JULIA C. NEWMAN, | ) ) | |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court upon Defendant Julia Newman's Motion for Severance [Doc. 40]. The Court conducted a hearing on the merits of this motion December 20, 2007. Julia Newman was present with her counsel, Herbert Moncier. The government was represented by Assistant United States Attorney Hugh Ward. The Court took this matter under advisement on December 21, 2007.

### DEFENDANT'S POSITION

Newman asks for relief under Federal Rules of Criminal Procedure, Rule 14 from prejudicial joinder with two defendants, Melvin Skinner and Samuel Skinner. These two defendants became part of the case charging Newman when the two cases were combined into a single prosecution. Newman argues that she is prejudiced by a joint trial, setting forth the following description of the forms of prejudice wrought by a trial with the Skinners.

Before the joinder there were no physical drugs to produce as evidence at the trial against her. Newman argues that prior to the joinder the charge against her was only a historical conspiracy, but with the addition of Melvin Skinner and Samuel Skinner, the government is anticipated to introduce the 700 lbs of marijuana seized from the Skinners.

Newman next argues that before joinder with the Skinners, there were no guns in Newman's case. Newman asserts that the government seized guns from the Skinners when they were arrested and joinder will mean these guns are now to be used at Newman's trial.

Further, Newman argues that she does not know Melvin Skinner or Samuel Skinner and they do not know her. Newman argues that before the cases were "consolidated," the Skinners were set to go to trial before Newman. Newman states that she planned to call the Skinners as witnesses at her (later) trial so they could testify that they do not know Newman and that whatever they were doing had nothing to do with Newman.

In addition to joinder with the Skinners, the new indictment expands the conspiracy by the three days necessary to encompass the Skinners' arrest which expands the whole conspiracy to include guns found on co-defendant Sherry Farmer during that time period.

Newman also argues that the "hub" of the conspiracy was James Michael West, who, as a matter of law, withdrew from the conspiracy at the time of his arrest on July 17, 2006, because at that time he began cooperating with the government. Without James West, Newman continues, the conspiracy between the others ended and any alleged link with Newman was severed at the end of the conspiracy. Because there was no more conspiracy, the guns found on Sherry Farmer when she was arrested on August 2, 2006, are not connected to Newman, aside from the joinder.

Newman argues that the government had all the information about all the alleged criminal activity at the time the prosecution elected to seek separate indictments. The instant joinder creates a prejudice because it allows the government to use evidence at the trial that would otherwise be inadmissible at a separate trial. Newman seeks two potential remedies. First, severance of Newman from the other defendants, or at least from the Skinners. Second, that the Court require the government to demonstrate that it presented new evidence to the Grand Jury in support of the change making Newman was part of a conspiracy with the Skinners or that she was involved in the conspiracy for the three extra days added.

### **GOVERNMENT'S POSITION**

The United States responds that Newman is, in fact, part of the same conspiracy as the other defendants in this case and relates the contents of a proposed Factual Basis presented by AUSA Ward to Newman's counsel on October 13, 2006, and then detailing the factual allegations against each defendant by named paragraphs. The United States also argues that it further notified Newman of the conspiracy connections alleged by the prosecution in 3:06-CR-102 [Doc. 196], filed as part of the litigation about the "consolidated" indictment, and quotes the language of that filing. Further, the prosecution asserts that on October 4, 2007, the government response to a motion filed by Melvin Skinner provided details of the conspiracy.

As to severance specifically, the United States relies on United States v. Cody, 498 F.3d 582 (6th Cir., filed August 16, 2007). The government argues that Cody restated the rule that controls here: that Rule 52(a) allows reversal for prejudicial joinder only if it serves to, "affect substantial rights." Any error from misjoinder can be made "harmless" by a limiting instruction to the jury. Joinder is unlikely to be deemed prejudicial where the evidence lends itself to compartmentalization

3

by the jury, as here. The government argues that the Sixth Circuit often, as in Cody, skips the question of whether joinder was prejudicial and moves directly to whether, assuming it is improper, it constitutes harmless error.

The United States' argument that prejudicial joinder is subject to harmless error review is not compelling as it seems to suggest that the Court intentionally commit an error because it is only subject to the harmless error review.

## ANALYSIS

Federal Rules of Criminal Procedure, Rule 8(b), provides that "defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." There is a presumption that co-defendants should and will be tried together; this presumption applies equally to defendants charged together in a conspiracy. Zafiro v. United States , 506 U.S 534, 537 (1003); United States v. Tocco, 200 F.3d 401, 413 (6th Cir. 2000).

There are, however, circumstances in which joint trial is inappropriate. Rule 14 provides relief from prejudicial joinder "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trial of counts, sever the defendants' trials, or provide any other relief that justice requires."

*Are These Defendants Properly Joined*

Parts of Newman's argument suggest that she is not properly joined for trial with the Skinner defendants, particularly that she does not know the Skinners and they do not know her. The weight of the prosecution's proof of Newman's alleged role in the conspiracy is unknown, but Pinkerton

4

liability may extend to all co-conspirators if the United States proves its theory of the case, regardless of whether individual co-conspirators knew one another or not. The Pinkerton doctrine exists to punish conspirators for crimes committed by a co-conspirator that are not the object of the conspiracy itself, but are foreseeable in meeting the goals of the conspiracy. Pinkerton v. United States, 328 U.S. 640, 645 (1946); United States v. Myers, 102 F.3d 227, 237 (6th Cir. 1996); see e.g., United States v. Christian, 942 F.2d 363, 367 (6th Cir. 1991) (defendant may be convicted under § 924 (c) if co-conspirator used or carried a firearm in furtherance of conspiracy), cert. denied, 502 U.S. 1045 (1992). "Drug conspiracies are often 'chain' conspiracies such that an agreement can be inferred from the interdependence of the enterprise." United States v. Bourjaily, 781 F.2d 539, 544 (6th Cir. 1986). Whether the prosecution is capable of making the case for the alleged conspiracy is a trial issue and argued deficiencies in the government's case do not weigh in favor of severance.

The Court concludes that Newman is properly joined for trial with Melvin Skinner and Samuel Skinner. C.f., 3:06-CR-102 [Doc. 200]; 3:06-CR-100 [Doc. 91].

*Does The Joinder Create Impermissible Prejudice to Newman*

Finding proper joinder in the consolidated case, it is well-settled that absent a serious risk of compromise to a specific trial right, individuals indicted together should be tried together. United States v. Davis, 170 F.3d 617, 621 (6th Cir.), cert. denied, 528 U.S. 861 (1999). In assessing the propriety of severance under Rule 14, the Court must balance the public's interest in avoiding multiple trials with the defendant's interest in a fair trial. United States v. Wirsing, 719 F.2d 859, 864-65 (6th Cir. 1983). To be entitled to a severance, a defendant must show "substantial," "undue," or "compelling" prejudice. United States v. Lopez, 309 F.3d 966, 971 (6th Cir. 2002), cert. denied,

5

537 U.S. 1244 (2003).

The trial of Julia Newman jointly with Melvin Skinner and Samuel Skinner is likely to see the admission of evidence that would not be introduced at a trial of Newman separately. Nonetheless, no right to severance arises because the evidence against one defendant is "far more damaging" than the evidence against another defendant. United States v. Causey, 834 F.2d 1277, 1288 (6th Cir. 1987) cert. denied, 486 U.S. 1034 (1988). The fact that Newman faces a trial with only historic drug testimony without the Skinners compared with a trial involving 700 pounds of real marijuana with the Skinners does not give rise to severance. The prosecution's theory is that Newman and the Skinners were part of a large drug and money laundering conspiracy in which different persons played different roles. Newman need not have ever possessed marijuana in any quantity to be convicted of a role in the conspiracy. See, United States v. Nelson, 922 F.2d 311 (6th Cir. 1990) (government not required to allege or prove any overt act in 21 U.S.C. § 846 conspiracy); United States v. Dempsey, 733 F.2d 392, 396 (6th Cir.) (Congress' comprehensive answer to pervasive drug problem was "to create a common law type offense of conspiracy, omitting charge and proof of an overt act as one of its elements"), cert. denied, 469 U.S. 983 (1984). The United States may prove their charge to the jury without the introduction of drugs into evidence. The Court is cognizant that as a practical trial matter, Newman would prefer to proceed without the introduction of real marijuana, but as a matter of law it is no distinction and does not generate an impermissible prejudice. The Sixth Circuit rule holds that the fact that Newman has a greater chance of acquittal without the Skinners in her trial cannot be the basis for severance. United States v. DeFranco, 30 F.3d 664, 669-670 (6th Cir.), cert. denied, 513 U.S. 942 (1994).

Absent a showing of substantial prejudice, spillover of evidence from one defendant to another does not compel severance. United States v. Moore, 917 F.2d 215, 221 (6th Cir. 1990) (stating no potential jury confusion in relating witness' testimony as to each defendant). Severance is not required unless the evidence is so complex or confusing that the jury would be unable to make individual determinations about guilt for each of the defendants. United States v. Bright, 630 F.2d 804, 813 (6th Cir. 1980). See, United States v. Rugiero, 20 F.3d 1387, 1391 (6th Cir.) (jury is presumed capable of sorting out evidence applicable to each defendant and rendering its verdict accordingly), cert. denied, 513 U.S. 878 (1994); United States v. Gallo, 763 F.2d 1504, 1525 (6th Cir. 1985) (defendant must show jury's inability to separate and treat distinctively evidence relevant to each defendant).

Newman's assertion that she intends to call the Skinners as witnesses at her own separate trial (assuming they were tried first) to testify that they have never known Julia Newman does not merit severance under the four-prong test in United States v. Cobleigh, 75 F.3d 242, 248 (6th Cir. 1996). The proposed testimony is not exculpatory in its nature and effect as to the charged conspiracy, as described above. Further, the proposed testimony is conditional upon the Skinners being tried first. United States v. Blanco, 844 F.2d 344, 353 (6th Cir.) (Rule 14 will not be read as a mechanism for co-conspirators to control the order in which they are tried), cert. denied, 486 U.S. 1046 (1988). The Court finds the potential testimony of the Skinner defendants that they do not know Newman is not a valid basis for severance.

The Court finds that Newman has not demonstrated that substantial, undue or compelling prejudice would result from a single trial, entitling her to a severance from co-conspirators. The Court finds that the evidence pertaining solely to Newman is not so complex or confusing that the

jury would be unable to separate it from the evidence against Melvin Skinner and Samuel Skinner and to make individual determinations about guilt for each of the defendants. The Court finds that if Newman is prejudiced by joinder for trial with Melvin Skinner and Samuel Skinner, it is not the type of prejudice warranting separate trials and does not outweigh the public's interest in avoiding multiple trials.

## CONCLUSION

Finding no basis for severance, as set forth above, Newman's Motion for Severance **[Doc. 40]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

_s/ H. Bruce Guyton_
United States Magistrate Judge