IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. )            No. 3:07-CR-89
)            (PHILLIPS/GUYTON)
JULIA C. NEWMAN, )
)
Defendant. )
)

## MEMORANDUM AND ORDER

This case comes before the Court on the following pending motions:  Motion of

Attorney David S. Wigler to Withdraw [Doc. 88], Attorney Brent Austin's Motion to Withdraw as

Counsel with Consent of Defendant Newman Pursuant to EDTN LR 83.4(f) [Doc. 89], Renewed

Motion to Withdraw [Doc. 106], Supplemental Motion to Withdraw as Attorney by Jeffrey Brent

Austin [Doc. 107], and United States' Renewed Request for Joinder and Joint Trial as to Defendant

Newman [Doc. 111], which were referred [Doc. 112] to the undersigned on November 19, 2008.

See 28 U.S.C. § 636(b).  The parties appeared for a hearing on these motions on December 1, 2008.

Assistant United States Attorney Hugh B. Ward, Jr., represented the government.  Attorney J. Brent

Austin appeared on behalf of the defendant, who was also present.  Attorney David S. Wigler was

present in the courtroom.

The Court initially took up Attorneys Austin's and Wigler's motions [Docs. 88, 89,

106, and 107] to withdraw from the representation of the defendant.  The defendant was originally

represented by retained Attorney Herbert S. Moncier along with Attorneys Austin and Wigler.  On

1

April 29, 2008, Chief United States District Judge Curtis Collier ordered that Attorney Moncier be suspended from the practice of law in the United States District Court for the Eastern District of Tennessee [case no. 1:08-MC-09, Doc. 69]. This Court subsequently found [Doc. 79] that it did not have "jurisdiction or authority to alter or amend, clarify, interpret, or stay Judge Collier's Order" with regard to Attorney Moncier's request to continue representing Defendant Newman through the completion of this case. The defendant appealed [Doc. 80] this ruling to the District Court. The Court also severed [Doc. 84] the defendant's trial from that of her codefendants so that she could proceed to trial on May 20, 2008. District Judge Phillips denied [Doc. 86] the defendant's appeal of this Court's order regarding her continued representation by Attorney Moncier. Judge Phillips noted that the defendant continued to be represented by Attorneys Austin and Wigler, who were also chosen by the defendant to represent her in this case.

On May 14, 2008, Attorneys Wigler and Austin filed motions [Docs. 88 and 89] to withdraw from their representation of the defendant. In his motion [Doc. 88], Attorney Wigler contends that as a salaried employee of Attorney Moncier, Judge Collier's April 29 Order prohibits him from representing the defendant or any other person in the United States District Court for the Eastern District of Tennessee. Attorney Wigler attached to his motion a hand-written document by the defendant giving her consent to Attorney Wigler's withdrawal. Attorney Austin moves to withdraw [Doc. 89], also with the defendant's consent, contending that the defendant retained him only to perform support functions, such as communicating with the defendant due to Mr. Moncier's heavy trial schedule, advising her on collateral matters, and assisting Mr. Moncier. He maintains that he does not have sufficient knowledge of the case to replace Mr. Moncier as the defendant's trial counsel. On May 16, 2008, District Judge Phillips conducted a status conference, took the

2

motions to withdraw under advisement, and continued the defendant's trial to June 30, 2008, advising the defendant to retain counsel on or before this date [Doc. 90]. On May 27, 2008, the defendant filed a Notice of Appeal In Forma Pauperis [Doc. 93], stating that she had appealed to the Sixth Circuit the District Court's Order denying her objections to this Court's ruling regarding Attorney Moncier's continued representation of her through the conclusion of this case. On June 9, 2008, the undersigned stayed [Doc. 95] the proceedings in the present case pending the defendant's appeal. The Court noted the government had filed a Motion for Joinder and Renewed Request for Joint Trial [Doc. 92] and stated that the Court would proceed on the merits of this motion after the disposition of the defendant's appeal. On August 26, 2008, Attorney Wigler filed a Renewed Motion to Withdraw [Doc. 106], stating that he has concluded that he can not ethically represent the defendant due to Judge Collier's order suspending his employer Attorney Moncier. On September 16, 2008, Attorney Austin filed a Supplemental Motion to Withdraw as Attorney [Doc. 107], asserting that while he was comfortable with his ability to act as a liason between the defendant and Attorney Moncier, he believes that he does not have the legal ability and familiarity with the case to represent her in Mr. Moncier's absence.

On October 30, 2008, the Sixth Circuit dismissed [Doc. 110] the defendant's appeal, holding that "[a]n order disqualifying an attorney to represent a defendant in a criminal case is not immediately appealable." The cover letter that accompanies the order reveals that it was mailed to the defendant's former attorney Mr. Moncier as well as to Mr. Austin and AUSA Ward. The Sixth Circuit's order was filed in the docket in this case also on October 30, 2008. This action released the stay of the proceedings in this case, and on November 19, 2008, the District Court referred [Doc. 112] the above listed motions to the undersigned.

3

The Court finds the motions to withdraw [**Docs. 88, 89, 106, and 107**] to be well-taken and they are **GRANTED**.  At the December 1 hearing, the Court found that the defendant qualified for appointed counsel based upon the defendant's financial status indicated in her Application to Proceed In Forma Pauperis with Supporting Documentation [Doc. 108].  The defendant objected to the Court's appointment of an attorney for her, stating that she wanted to be represented by Mr. Moncier.  The Court advised the defendant that the Sixth Circuit had dismissed her appeal of Attorney Moncier's disqualification, that her case was going forward, and that she could either be represented by another attorney or she could represent herself.  The Court permitted the defendant to consult with Attorney Kelly Johnson, a CJA panel attorney who was present to accept representation of the defendant should she seek an appointed attorney.  Following this consultation, the defendant continued to object to a court-appointed attorney.

The Supreme Court has held that a criminal defendant may proceed *pro se* if his or her decision to do so is voluntary and intelligent.  Faretta v. California, 422 U.S. 806, 835 (1975) (citing Johnson v. Zerbst, 304 U.S. 458, 464-65 (1938)).  A defendant may not avoid making the choice between representation by counsel and self-representation in order to delay the trial.  See United States v. Clemons, No. 97-6267, 1999 WL 196568, *5 (6th Cir. Mar. 30, 1999).  "A defendant's refusal to accept one of those options does not create a safe haven from criminal proceedings."  Id.  Instead, after advising the defendant of the potential pitfalls of representing him or herself, the Court may treat a subsequent refusal of counsel as the "functional equivalent" of a valid waiver of the Sixth Amendment right to counsel.  Id.  In the present case, the Court had the defendant sworn and reviewed with her a list of questions designed to explain the obligations and difficulties of *pro se* representation, as approved by the Sixth Circuit in United States v. McDowell,

4

814 F.2d 245, 251-52 (6th Cir. 1987).  Based upon the defendant's answers to those questions, the

Court found that the defendant knowingly and voluntarily waived her right to counsel and should

be permitted to represent herself.

The Court next considered the appointment of standby or elbow counsel for the

defendant.  The appointment of standby counsel, even over a *pro se* defendant's objection, does not

violate the defendant's right to represent him or herself.  McKaskle v. Wiggins, 465 U.S. 168, 183

(1984); Faretta, 422 U.S. at 834 n.36 (noting that the "State may–even over objection by the

accused–appoint a 'standby counsel' to aid the accused if and when the accused requests help, and

to be available to represent the accused in the event that termination of the defendant's

self-representation is necessary").  Although the exact role of standby counsel is largely undefined,

the Supreme Court has placed two limitations on that role:  "First, the *pro se* defendant is entitled

to preserve actual control over the case he chooses to present to the jury. . . . .  Second, participation

by standby counsel without the defendant's consent should not be allowed to destroy the jury's

perception that the defendant is representing himself."  Wiggins, 465 U.S. at 178.  The Court also

observed that the defendant's right to represent himself is

> not infringed when standby counsel assists the *pro se* defendant in
> overcoming routine procedural or evidentiary obstacles to the
> completion of some specific task, such as introducing evidence or
> objecting to testimony, that the defendant has clearly shown he
> wishes to complete.  Nor are they infringed when counsel merely
> helps to ensure the defendant's compliance with basic rules of
> courtroom protocol and procedure.

Id. at 183.  The Court noted that the appointment of standby counsel can "relieve the [trial] judge

of the need to explain and enforce basic rules of courtroom protocol."  Id. at 184.

With these principles in mind, the Court appointed Attorney Kelly Johnson as

standby counsel for the defendant pursuant to the Civil Justice Act. To the extent possible, Attorney Johnson shall relieve the presiding judge of the need to explain and enforce basic rules of courtroom protocol, procedure, and decorum during the trial. He should help the defendant in overcoming routine procedural or evidentiary obstacles to completing a specific task, like the introduction of evidence or the objection to testimony, that the defendant herself has clearly indicated that she wants to complete. Mr. Johnson may also, upon the defendant's request, aid her by means of technical assistance in the presentation of her defense and the preservation of the record for appeal. Finally, the trial court may ask Mr. Johnson to represent the defendant should she decide that she no longer wants to represent herself or if the termination of self-representation becomes necessary, such as if the defendant must be removed from the courtroom for disruptive behavior.

The Court next addressed the United States' Renewed Request for Joinder and Joint Trial as to Defendant Newman [Doc. 111]. As noted above, after the Court severed the defendant from her codefendant's for trial, the government filed a Motion for Joinder and Renewed Request for Joint Trial [Doc. 92], asking that the defendant be rejoined with coconspirators Gray Jordan, William Jordan, Melvin Skinner, and Samuel Skinner and also be joined with Defendant Scott Willyard. The District Court referred [Doc. 94] this motion to the undersigned, who stayed [Doc. 95] the resolution of the motion pending the defendant's appeal of Attorney Moncier's disqualification. Following the Sixth Circuit's dismissal of the defendant's appeal, the Government filed its renewed joinder motion [Doc. 111], asserting that the longstanding assumption that codefendants should be tried together is even more true when the charge is conspiracy. At the December 1 hearing, the defendant hesitantly objected to the joinder motion, stating that she needed additional time to review the motion. The government argued that the defendant was properly

6

joined to the codefendants because she had personal knowledge of as well as dealings with all of them.

The Court found the government's motions for joinder [**Docs. 92 and 111**] to be well-taken and they are **GRANTED**. The defendant stands indicted [Doc. 3] with Defendants Gray and William Jordan and Melvin and Samuel Skinner. The Court has already considered and rejected [Doc. 65] the defendant's request to be severed for trial from the Skinners. The reasons set forth in that order apply equally at this juncture in the proceedings. The Court has already declined [Doc. 102] to join Defendant Willyard for trial with the Jordan defendants. The Court finds no reason that these rulings do not continue to apply to Defendant Newman. Finally, the Court's reason for severing the defendant from the trial of her codefendants was to preserve her right to a speedy trial. The trial of the codefendants is set for January 20, 2009, before District Judge Phillips. The Court finds that a separate trial of Defendant Newman could not be accomplished any earlier than the January 20 trial date. Accordingly, Defendant Newman is joined for trial with the remaining codefendants in case number 3:07-CR-89 on January 20, 2009.

The Court had previously ruled [Doc. 95] that all time between the filing of the defendant's *pro se* Notice of Appeal and the new trial date, which would be determined upon the resolution of her appeal, was fully excludable from the operation of the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(E) (excluding delay resulting from an interlocutory appeal). The Court also finds that all of the time between the October 30, 2008 order of the Sixth Circuit dismissing the defendant's appeal through the January 20, 2009 trial date is fully excludable under the Speedy Trial Act because of the pending motions, the need to resolve the issue of the defendant's representation, and to give the defendant time to prepare to represent herself at trial. 18 U.S.C. § 3161(h)(1) (F) and

7

(8)(A)-(B). In this regard, the Court finds that the ends of justice served by the continuance of the defendant's trial date to January 20, 2009, outweigh the best interest of the defendant and the public to a speedy trial. 18 U.S.C. § 3161(h)(1)(8)(A). To require the defendant to go to trial before the issue of her representation was resolved would amount to a miscarriage of justice. 18 U.S.C. § 3161(h)(1)(8)(B)(i). Moreover, a continuance of the trial until January 20, 2009, is necessary to provide the defendant with the reasonable time necessary for effective trial preparation, even taking into account due diligence. 18 U.S.C. § 3161(h)(1)(8)(B)(iv).

With regard to additional scheduling, the Court notes that Attorney Johnson expressed concern about his ability to review the voluminous discovery prior to the January 20, 2009 trial date. Although Attorney Johnson's limited role as standby counsel, as outlined herein above, would not include the same trial preparation as if he were defendant's counsel, the Court nevertheless granted Attorney Johnson leave to file a motion to continue the trial and or a motion for severance of the defendant if he believed either were necessary following his examination of the case file. These motions must be filed on or before **December 15, 2008**. The Court also noted that the United States' Motion for Reciprocal Discovery [Doc. 83], filed on May 12, 2008, remains pending. Counsel for the government stated that it was still seeking reciprocal discovery from the defendant. The motion for reciprocal discovery [**Doc. 83**] is **GRANTED**, and the Court orders the defendant to provide any reciprocal discovery by the date of the pretrial conference, **January 13, 2009**. The parties are ordered to appear before the undersigned for a final pretrial conference on **January 13, 2009, at 9:30 a.m.**

Accordingly, it is ordered:

(1) Attorney Austin and Wigler's motions [**Docs. 88, 89, 106,** and **107**] to withdraw from representation of the defendant are

8

**GRANTED**;

(2) The defendant, having knowingly and voluntarily waived her Sixth Amendment right to counsel, is permitted to represent herself;

(3) Attorney Kelly Johnson is appointed pursuant to the Civil Justice Act as standby counsel for the defendant. The responsibilities and limitations of this position are set forth above;

(4) The government's motions for joinder [**Docs. 92 and 111**] are **GRANTED**. Defendant Newman is joined for trial with the remaining codefendants in case number 3:07-CR-89 on **January 20, 2009, at 9:00 a.m.** before District Court Judge Thomas W. Phillips;

(5) All time between the **October 30, 2008** order of the Sixth Circuit dismissing the defendant's appeal through the **January 20, 2009** trial date is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(6) Standby counsel for the defendant has until **December 15, 2008**, to file a motion to continue the trial and/or a motion to sever the defendant;

(7) The United States' Motion for Reciprocal Discovery [**Doc. 83**] is **GRANTED**. The defendant is **ORDERED** to provide any reciprocal discovery to the government by **January 13, 2009**; and

(8) The parties are ordered to appear before the undersigned for a final pretrial conference on **January 13, 2009, at 9:30 a.m.**

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

9